IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 4:22CR00316-SAL(1) |
| | ) | |
| | ) | |
| vs. | ) | **ORDER FOR PSYCHIATRIC** |
| | ) | **EXAMINATION** |
| **ABDULRAHAM AHMED AL AQULAN** | ) | |

This matter comes before the Court pursuant to defendant's motion and with the consent of Derek Shoemake, Assistant United States Attorney.

Upon consideration of the matters set forth in the attached motion, which is incorporated herein by reference, the Court finds as follows:

1. The issues raised in the motion establish reasonable cause as required by Title 18 U.S.C. § 4241(a);

2. Pursuant to Title 18, U.S.C. §§ 4241(b) and 4242(a), a psychological or psychiatric examination of the defendant, **ABDULRAHAM AHMED AL AQULAN**, should be ordered;

3. Pursuant to Title 18, U.S.C. §§ 4247 (b) and (c), such examinations referred to in the above paragraph may properly be conducted to address the issues set forth in paragraphs (a) through (c) of the attached motion; and

4. That pursuant to Title 18 U.S.C. § 3161 (h)(1)(A), such time as is taken up by the examination may properly be deemed excludable under the Speedy Trial Act.

IT IS THEREFORE ORDERED:

(a) That the defendant be committed to the custody of the Attorney General for such reasonable period of time as is necessary for an evaluation for a period of time period not to exceed 45 days from the date the defendant arrives at the institution designated for his evaluation without further order of the court. There is no need to apply to the court for an order of extension unless the examination cannot be completed within ninety (90) days of defendant's arrival at the institution designated on the evaluation;

(b)     That the United States Marshal is hereby authorized to forthwith transport the defendant, **ABDULRAHAM AHMED AL AQLAN**, forthwith to the facility designated by the Bureau of Prisons and return **ABDULRAHAM AHMED AL AQLAN** to this district upon completion of the examination;

(c)     That such examinations referred to herein shall be for the purpose of (1) determining whether or not the defendant is presently suffering from a severe mental disease or defect and was able to appreciate the nature and quality of the wrongfulness of his acts, (2) whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him, or to assist properly in his defense, and (3) whether or not the defendant were legally insane at the time the alleged offense occurred;

(d)     That the examination be conducted by a licensed or certified psychiatrist or psychologist as required by § 4247 of Title 18, United States Code;

(e)     That if the designated psychologist or psychiatrist determines that a psychiatric examination is necessary to provide a complete report to the Court, the designated examiner is authorized to engage the services of a psychiatrist;

(f)     That upon completion of the examination as ordered herein, the examiner(s) shall prepare a full report, such report to include all of the following as required by Section 4247(c) of Title 18, United States Code:

       (1)     The defendant's history and present symptoms.

             (a)     A description of the psychiatrist, psychological and medical tests that were employed and their results.

       (2)     The examiner(s) findings.

       (3)     The examiner(s) opinion as to diagnosis, prognosis, whether the defendant is suffering from a mental disease defect such that the defendant was insane at the time of the offense charged, as defined in Title 18 U.S.C. § 4242(a), and whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him, or to assist properly in his defense;

(g)     That the report herein requested be filed with this Honorable Court within ninety (90) days of the date of this order and copies provided to counsel for the defendant, Kathy P. Elmore, and Assistant United States Attorney Derek Shoemake, as is provided for in Title 18 U.S. C. § 4247 (c); and

      (h)    That the time for the examinations herein requested be excluded time in accordance with Title 18 U.S.C. § 3161(h)(1)(A).

IT IS SO ORDERED.

                                              <u>s/Sherri A. Lydon</u>
                                              SHERRI A. LYDON,
                                              UNITED STATES DISTRICT JUDGE

Florence, South Carolina

May 25, 2022