IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 4:22CR00316-JD |
| | ) | |
| | ) | |
| vs. | ) | CONSENT ORDER |
| | ) | |
| **ABDULRAHAM AHMED AL AQLAN** | ) | |

This matter comes before the Court pursuant to a motion under the authority of 18 U.S.C. §§ 4241, 4242 and 4247. Upon consideration of the forensic evaluation report dated August 3, 2022, prepared by Katherine E. Sunder, Psy.D., forensic psychologist, Federal Correctional Institution, Butner, North Carolina, the Court finds as follows:

1.      That pursuant to Title 18, United States Code, Section 4241(d), by a preponderance of the evidence, the Defendant is presently suffering from a mental disease which interferes with his ability to understand the proceedings against him and assist counsel in his own defense. Consequently, the Court finds that the Defendant is incompetent to stand trial and is therefore committed to the custody of the Attorney General for a period not to exceed four (4) months, to determine whether there is a substantial probability that the  Defendant will in the foreseeable future become competent to stand trial.

2.      That the Defendant should be examined and treated at a suitable facility pursuant to 18 U.S.C. § 4247(a)(2).

3.    That pursuant to Title 18, United States Code, Section 316l(h)(l)(A), such time as is taken up by the examination may properly be deemed excludable time under the Speedy Trial Act. It is therefore ORDERED

    A.    That the Defendant, **ABDULRAHAM AHMED AL AQLAN**, be committed to the custody of the Attorney General with said commitment not to exceed four (4) months without further order of this Court;[1]

    B.    That such commitment be for the purpose of determining whether or not there is a substantial probability that in the foreseeable future the Defendant will attain the capacity to permit the trial to proceed;

    C.    That the Defendant's examination be commenced on an expedited basis and that as soon as practicable, a licensed or certified psychiatrist or psychologist prepare a forensic addendum to the forensic evaluation report. In the event that the Defendant resists or ceases to comply with medication, the forensic addendum shall include the factors addressed in *Sell* v. *United States,* including:

        1.    whether Mr. Abdulraham Ahmed Al Aqlan is currently a danger to himself or others, if he refuses to take anti-psychotic medication;

        2.    whether Mr. Abdulraham Ahmed Al Aqlan, considering if he refuses to take anti-psychotic medication, would be a danger to himself or others if he is released from custody;

        3.    whether the involuntary administration of anti-psychotic medication is substantially likely to render Mr. Abdulraham Ahmed Al Aqlan competent to stand trial; and

---

[1] The four (4) month time period shall commence on the date the defendant is actually in the custody of the facility at which he will receive treatment.

4.      whether such administration is substantially likely to have side effects that will interfere significantly with. Mr. Abdulraham Ahmed Al Aqlan's ability to assist counsel in conducting a trial defense;

5.      whether alternative less intrusive treatments are likely or unlikely to achieve substantially the same results;

6.      whether the administration of the medication is medically appropriate, i.e., in the Defendant's best interests in light of his medical condition;

7.      a detailed description of the particular course of treatment proposed including: ·

    (a) the reasons for choosing the particular course of treatment;

    (b) the estimated time the proposed treatment plan will take to restore Mr. Abdulraham Ahmed Al Aqlan's competence;

    (c) the criteria to be applied in deciding when to discontinue treatment;

    (d) the particular medication(s), including name(s) and dose range(s), to be administered to Mr. Abdulraham Ahmed Al Aqlan to restore his competency;

    (e) the treatment plan's probable benefits and side effect risks for Mr. Abdulraham Ahmed Al Aqlan's particular medical condition;

    (f) how the treatment plan will deal with probable side effects; and

    (g) the reasons that the benefits of the treatment plan outweigh the costs of its side effects.

D.      Mr. Abdulraham Ahmed Al Aqlan **shall not** be given any medication against his will for the purpose of restoring his competence to understand the nature of the proceedings against him or to assist his counsel until further order of this Court, which shall issue only after notice to all parties with an opportunity to be heard.

E.    The Court would also like to be notified if any MRI or other diagnostic test becomes medically necessary to evaluate any of the above-referenced factors.

1.    That the forensic addendum requested herein be filed with this Court and copies be provided to Kathy Price Elmore, Counsel for the Defendant, and Assistant United States Attorney Derek Shoemake;

2.    That the time for said psychiatric examination and treatment be excluded time in computing the time within which further proceedings shall commence in connection with this action, in accordance with Title 18, United States Code, Section 316l(h)(l)(A); and

3.    That the Defendant, if restored to competence, remain at his current Bureau of Prisons facility until further Order of this Court. The Defendant shall not be transported to any other location without prior authorization of this Court.

AND IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 12, 2022


I SO MOVE:                                    I CONSENT:

s/ Kathy P. Elmore                            s/ Derek Shoemake,
Kathy P. Elmore, AFPD                         Derek Shoemake, AUSA